# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-1047 |
| vs. | **REPORT AND RECOMMENDATION** |
| DALE MICHAEL LUCAS, | |
| Defendant. | |

_____

This matter comes before the court pursuant to defendant's December 4, 2006 motion to suppress evidence (docket number 22) and motion for adjudication of points of law (docket number 23). The government resisted defendant's motions (docket numbers 27 and 26, respectively). Defendant's motions were referred to the undersigned for issuance of a report and recommendation. A hearing was held on defendant's motions on December 20, 2006, at which the defendant was present and represented by his attorney, Stephen A. Swift. The government was represented by Assistant United States Attorney Daniel Tvedt. As set forth below, it is recommended that defendant's motion to suppress be denied as moot, and that defendant's motion for adjudication of points of law be denied.

## Motion to Suppress

In his motion to suppress, defendant argues that police officers violated his <u>Miranda</u> rights by continuing to question him after he invoked his right to counsel. In response to such questioning, defendant made some incriminating comments, which he argues should be suppressed.

The government requests that defendant's motion to suppress be denied as moot because it does not intend to offer the incriminating statements in its case in chief. The defendant agrees that the motion is moot. He does not challenge the voluntariness of his

1

statements. Accordingly, the government reserves the right to offer the incriminating statements as impeachment should the defendant testify to the contrary at trial. See Harris v. New York, 401 U.S. 222, 91 S. Ct. 643, 28 L. Ed. 2d 1 (1971) (Statements taken in violation of Miranda can still be used for impeachment.).

Given the government's concession that the defendant was questioned after he invoked his right to counsel, and its representation that it will not offer the incriminating statements in its case in chief, the court recommends that defendant's motion to suppress be denied as moot.

## Motion to Adjudicate Law Points

In his motion for adjudication of points of law, the defendant seeks the court's construction of the maximum statutory penalty for a violation of 18 U.S.C. § 924(c)(1). He wants to know whether this offense carrying a punishment of "not less than five years" in prison includes a maximum punishment of life in prison. Defendant argues that 18 U.S.C. § 924(c)(1) is not supported by a clear statement that Congress intended the maximum punishment to be life in prison. In support of his argument, defendant relies on the legislative history (received as Defendant's Exhibit 1 at the hearing on defendant's motion), which he claims demonstrates a lack of legislative intent to make the maximum statutory penalty under § 924(c) life imprisonment. Defendant further argues that there is no "outside statutory authority" authorizing a court to construe § 924(c) as imposing a maximum of life imprisonment.

In response, the government cites United States v. Davidson, 437 F.3d 737 (8th Cir. 2006), which found that the statutory maximum sentence under 18 U.S.C. § 924(c)(1)(A) is life imprisonment. The government also cites to cases from several other circuits where the courts that reached the same result. No circuit court of appeals has reached any other result.

Initially, the court notes that a motion to adjudicate law points is not a motion recognized by the Federal Rules of Criminal Procedure. Moreover, issues relating to


2

punishment are not ordinarily ripe until there has been a conviction. At the hearing, the defendant confirmed that the purpose of this motion is to obtain information so that he can decide whether to plead guilty or go to trial. At a guilty plea hearing, the defendant will be informed that the maximum term of imprisonment he is facing by pleading guilty is "life." The court does not resort to the legislative history as it finds no ambiguity in 18 U.S.C. § 924(c). Davidson is directly on point and controls this issue.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation, within ten (10) days the date of the report and recommendation, that defendant's December 4, 2006 motion to suppress (docket number 22) be denied as moot, and that defendant's December 4, 2006 motion to adjudicate points of law (docket number 23) be denied.

December 22, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Any party who objects to this report and recommendation must serve and file specific, written objections within 10 court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.