# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-1047 |
| vs. | **ORDER** |
| DALE MICHAEL LUCAS, | |
| Defendant. | |

_____

## *TABLE OF CONTENTS*

*I.     INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.    PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.   FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.   LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.    The Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.    The Rules* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.    Joinder under Rule 8(a)* . . . . . . . . . . . . . . . . . . . . . . *4*
        *2.    Severance under Rule 14* . . . . . . . . . . . . . . . . . . . . . *5*

*V.    CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

## *I. INTRODUCTION*

The matter before the court is Defendant Dale Michael Lucas's Motion to Sever Counts ("Motion") (docket no. 29) filed on December 12, 2006.

## II. PROCEDURAL HISTORY

On September 20, 2006, Defendant was charged in a three-count Indictment. Count 1 of the Indictment charges that, on or about December 2, 2003, Defendant knowingly and intentionally attempted to manufacture methamphetamine after a prior conviction of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 and 851. Count 2 of the Indictment charges that, on or about December 2, 2003, Defendant, who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, namely an Intratech, Model Tec-22, .22 caliber semi-automatic handgun, in violation of 18 U.S.C. § 922(g)(1). Count 3 of the Indictment charges that, on about December 2, 2003, Defendant did knowingly (1) use and carry a firearm, specifically an Intratech, Model Tech-22, .22 caliber semi-automatic handgun, during and in relation to a drug trafficking crime and (2) possess a firearm, specifically an Intratech, Model Tech-22, .22 caliber semi-automatic handgun, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

On December 12, 2006, Defendant filed the instant Motion requesting the court sever Count 2 from the trial of Counts 1 and 3. On December 13, 2006, the government filed a Resistance to Defendant's Motion.

## III. FACTUAL BACKGROUND[1]

On December 2, 2003, a Waukon police officer observed a car speed away from him and run a stop sign. After a high speed pursuit, Defendant got out of the car, ran into the nearby woods, jumped off a thirty-foot bluff and ran away.

When the officer returned to Defendant's car, he found a loaded handgun, an

---

[1] These are the facts alleged in the Indictment and the government's Resistance to Defendant's Motion.

Intratech, Model Tech-22, .22 caliber semi-automatic handgun, on the ground next to the car. During a search of the car, officers found items belonging to Defendant and items used in the manufacture of methamphetamine. On December 2, 2003, Defendant had a prior (January 18, 2002) felony conviction for possession of pseudoephedrine and lithium out of the Iowa District Court for Winneshiek County.

### IV.  LEGAL ANALYSIS

#### A.  *The Parties' Arguments*

In his Motion, Defendant claims that Count 2 should be severed from the trial of Counts 1 and 3 because "the nature of these counts result (sic) in a prejudicial joinder of criminal offenses." Specifically, Defendant alleges that, if all of the counts were tried together, the jury would be made aware of evidence of Defendant's alleged commission of a drug offense (Counts 1 and 3) while considering whether he committed the crime of being a felon in possession of a firearm (Count 2).

The government asserts that the offenses are properly joined pursuant to Federal Rule of Criminal Procedure 8 and severance is not appropriate pursuant to Federal Rule of Criminal Procedure 14. The government contends the following: (1) "evidence from the pursuit of Defendant's car [is] probative on both the drug manufacturing and firearm possession charges and the possession of firearms (sic) by a felon charge and could be introduced in a separate trial under Fed. R. Evid. 404(b)"; (2) because the underlying facts of Defendant's prior drug offenses would be admissible pursuant to Rule 404(b), even if he stipulates to the prior conviction, no additional prejudice arises if all three counts are tried together; (3) the events forming the basis for all three counts are not clearly distinct in time, place and evidence; and (4) Defendant has not alleged that having a joint trial will prevent him from testifying as to one count but not the other.

3

### B. The Rules

#### 1. Joinder under Rule 8(a)

Federal Rule of Criminal Procedure 8(a) provides:

> **Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a) (emphasis in original). The government argues that the offenses are based on the same act and constitute part of a common scheme or plan.

The court should interpret Rule 8(a) broadly "for the efficient administration of justice." *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005). Offenses are properly joined if they are "factually interrelated." *See United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002) (determining that the witness tampering charge and the felon-in-possession charge were "properly joined because they were factually interrelated"). In order for joinder to be proper,

> [t]he offenses should have occurred over a short period of time, and the evidence should overlap. *United States v. Shearer*, 606 F.2d 819, 820 (8th Cir. 1979). The evidence from each offense should be admissible in a separate trial for the other offenses. *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980); *United States v. Bowman*, 602 F.2d 160, 163 (8th Cir. 1979).

*United States v. Valentine*, 984 F.2d 906, 910 (8th Cir. 1993). The Eighth Circuit Court of Appeals has determined that, when narcotics-related charges and weapons-related charges "are connected temporally and logically[,] they are reasonably joined." *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999).

4

Each offense in the Indictment occurred on the same date. This is a factor that weighs in favor of joinder. *United States v. Running Horse,* 175 F.3d 635, 637 (8th Cir. 1999); *see United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996) (noting that the Eighth Circuit Court of Appeals has upheld "the joinder of offenses when the time periods between them have spanned six months or greater"). Each charged offense arose from Defendant's alleged conduct on December 2, 2003, when officers attempted to stop Defendant's car. Defendant led the officers on a high speed chase which ended when he abandoned the car and fled. Following Defendant's escape, officers searched his car. Outside of Defendant's car, officers found a firearm. Inside the car, officers found items used during the manufacture of methamphetamine. Clearly the offenses alleged also are "factually interrelated."

The court is mindful of the well recognized fact that the drug trade and firearms often co-exist. *See United States v. Caballero*, 420 F.3d 819, 821 (8th Cir. 2005) ("Evidence of firearms possession is admissible and relevant as 'tools in the drug trade' in circumstantially proving involvement in drug trafficking." (citing *United States v. Dierling*, 131 F.3d 722, 732 (8th Cir. 1997))); *United States v. Fuller*, 887 F.2d 144, 147 (8th Cir. 1989) (finding that evidence of Defendant's possession of drug paraphernalia was admissible and relevant in a trial for possession of a firearm by a felon).

The court finds that Counts 1, 2 and 3 are "factually interrelated," "are connected with or constitute parts of a common scheme or plan" and evidence from each would be admissible in a separate trial for the other offense. Accordingly, the court finds that joinder of Counts 1, 2 and 3 pursuant to Rule 8(a) is appropriate.

    *2.      Severance under Rule 14*

Defendant asserts that the counts should be severed for trial to prevent prejudice to him. Federal Rule of Criminal Procedure 14(a) provides for relief

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The presumption against severing properly joined cases is strong . . . ." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)).

The Eighth Circuit Court of Appeals has discussed Rule 14(a) as follows:

> Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt if the crimes were considered separately. *Closs v. Leapley*, 18 F.3d 574, 578 (8th Cir. 1994). On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime. [*United States v.*] *Robaina*, 39 F.3d [858,] 861 [(8th Cir. 1994)].

*United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996). Prejudice can be lessened by jury instructions which instruct the jury to consider each count and the evidence pertaining to each count separately. *See United States v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999) (affirming district court's denial of the defendant's severance motion where he was charged with four counts of being a felon in possession and the jury was instructed to consider each count separately).

Defendant has failed to demonstrate that the joinder of the charges against him will prejudice his case. Possession of items used in the manufacturing of methamphetamine and possession of the handgun are all part of the same common plan or scheme. Evidence that Defendant's car contained items used in the manufacture of methamphetamine and

6

evidence that officers found a handgun next to his car would be admissible in the trial of Counts 1, 2, and 3 even if the counts were tried separately.

Furthermore, Defendant may stipulate to the existence of his prior conviction.

> Generally, the government has discretion to determine how it will present its case and it is not required to accept a defendant's stipulations. *Old Chief* [*v. United States*], 519 U.S. [172,] 186-87 [(1997)]. But where the defendant's status as a felon is an element of the crime charged, all the jury needs to know is that he is a felon for purposes of the crime charged, and it is unnecessary for the government to offer additional, potentially prejudicial, evidence regarding the facts and circumstances of the previous bad acts. *Old Chief*, 519 U.S. [at] 190-91. "If the evidence goes to an issue other than character, such as intent, motive, etc., the court then asks whether the Federal Rule of Evidence 402's relevancy requirement is met and whether the probative value of the evidence is substantially outweighed by the prejudicial effect under Federal Rule of Evidence 403." [*United States v.*] *Hill*, 249 F.3d [707,] 710 [(8th Cir. 2001)].

*United States v. Mahasin*, 442 F.3d 687, 690 (8th Cir. 2006). However, when the sole purpose of admitting evidence is to prove a defendant's status as a convicted felon, a defendant may stipulate to the existence of the prior felony and the government must accept that stipulation. *Old Chief*, 519 U.S. at 190-92; *see United States v. Cunningham*, 133 F.3d 1070, 1075 (8th Cir. 1998) (explaining that *Old Chief* "held that a district court abuses its discretion when it rejects a defendant's offer to stipulate his status as a felon under a Section 922(g)(1) offense and instead admits the full records of a prior judgment of conviction, if evidence concerning the name or nature of the prior conviction increases the risk of a verdict tainted by improper considerations"). For the purposes of proving one of the elements in Counts 1 and 2, Defendant and the government may stipulate that Defendant was previously convicted of a felony.

Any prejudice to Defendant's case can be cured by the court instructing the jury that it should consider each count separately. *Lawson*, 173 F.3d at 671. Therefore, the court finds that joinder of the counts for trial would not prejudice Defendant's case. Accordingly, the court shall deny Defendant's Motion.

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) Defendant's Motion to Sever Counts (docket no. 29) is **DENIED**;

(2) The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 17th day of January, 2007

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA