# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-1047-LRR |
| vs. | **ORDER** |
| DALE MICHAEL LUCAS, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Dale Michael Lucas's Objections (docket no. 44) to the Report and Recommendation (docket no. 40) which, in part, recommends the denial of Defendant's Motion to Suppress (docket no. 22).

## II. PROCEDURAL HISTORY

On September 20, 2006, Defendant was charged in a three-count Indictment. Count 1 of the Indictment charges that, on or about December 2, 2003, Defendant knowingly and intentionally attempted to manufacture methamphetamine after a prior conviction of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 and 851. Count 2 of the Indictment charges that, on or about December 2, 2003, Defendant, who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, namely an Intratech, Model Tec-22, .22 caliber semi-automatic handgun, in violation of 18 U.S.C. § 922(g)(1). Count 3 of the Indictment charges that, on about December 2, 2003, Defendant did knowingly (1) use and carry a firearm, specifically an Intratech, Model Tech-22, .22 caliber semi-automatic handgun, during and in relation to a drug trafficking

crime and (2) possess a firearm, specifically an Intratech, Model Tech-22, .22 caliber semi-automatic handgun, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Count 3 also contains a forfeiture provision.

On December 4, 2006, Defendant filed a Motion to Suppress, seeking the suppression of his statements made to law enforcement officers. On December 11, 2006, the government filed a Resistance to the Motion to Suppress, requesting that Defendant's Motion to Suppress be denied as moot because the government does not intend to use Defendant's statements in its case-in-chief. On December 20, 2006, Chief Magistrate Judge John A. Jarvey held a hearing ("Hearing") on Defendant's Motion to Suppress and Motion for Adjudication of Points of Law, which was also filed on December 4, 2006. On December 22, 2006, Magistrate Judge Jarvey filed a Report and Recommendation which, in part, recommends that Defendant's Motion to Suppress be denied as moot. On January 5, 2007, Defendant filed Objections to the Report and Recommendation, noting that he did not object to the recommendation that his Motion to Suppress be denied.

### III. ANALYSIS

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). In his Objections, Defendant notes that, as to the recommendation that his Motion to Suppress be denied as moot, he "poses no objection to the Report and Recommendation." The court, therefore, adopts Magistrate Judge Jarvey's December 22, 2006, Report and Recommendation as it relates to Defendant's Motion to Suppress.

## IV.  CONCLUSION

**IT IS ORDERED:**

(1) The court **DENIES** Defendant Dale Michael Lucas's Motion to Suppress (docket no. 22);

(2) The court **ADOPTS** the portion of Magistrate Judge Jarvey's Report and Recommendation which recommends the denial of Defendant's Motion to Suppress (docket no. 40); and

(3) The period between the filing of Defendant's Motion to Suppress and this Order is excluded from calculation under the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 24th day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA