# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-1047-LRR |
| vs. | **ORDER** |
| DALE MICHAEL LUCAS, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Dale Michael Lucas's Objections (docket no. 44) to the Report and Recommendation (docket no. 40) which recommends the denial of Defendant's Motion for Adjudication of Points of Law (docket no. 23).

## II. PROCEDURAL HISTORY

On September 20, 2006, Defendant was charged in a three-count Indictment. Count 1 of the Indictment charges that, on or about December 2, 2003, Defendant knowingly and intentionally attempted to manufacture methamphetamine after a prior conviction of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 and 851. Count 2 of the Indictment charges that, on or about December 2, 2003, Defendant, who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, namely an Intratech, Model Tec-22, .22 caliber semi-automatic handgun, in violation of 18 U.S.C. § 922(g)(1). Count 3 of the Indictment charges that, on about December 2, 2003, Defendant did knowingly (1) use and carry a firearm, specifically an Intratech, Model

Tech-22, .22 caliber semi-automatic handgun, during and in relation to a drug trafficking crime and (2) possess a firearm, specifically an Intratech, Model Tech-22, .22 caliber semi-automatic handgun, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Count 3 also contains a forfeiture provision.

On December 4, 2006, Defendant filed a Motion for Adjudication of Points of Law ("Motion for Adjudication"). On December 7, 2006, the government filed a Response to the Motion for Adjudication of Points of Law. On December 20, 2006, Chief Magistrate Judge John A. Jarvey held a hearing ("Hearing") on Defendant's Motion to Suppress and Motion for Adjudication. On December 22, 2006, Magistrate Judge Jarvey filed a Report and Recommendation which, in part, recommends Defendant's Motion for Adjudication be denied. On January 5, 2007, Defendant filed Objections to the Report and Recommendation.

## III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant has made specific, timely objections to the Report and Recommendation. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (requiring *de novo* review of a magistrate judge's report and recommendation on dispositive motions).

## IV. ANALYSIS

### A. Findings of Facts

Neither party objects to the findings of facts in the Report and Recommendation. After a *de novo* review of the record, the court adopts Magistrate Judge Jarvey's findings of facts in the Report and Recommendation.

### B. Conclusions of Law

In his Objections, Defendant objects to Magistrate Judge Jarvey's legal conclusion that the maximum term of imprisonment that he is facing is life in prison. Defendant relies on legislative history to support his claim that "the intent of Congress in amending 18 U.S.C. § 924(c) was not to change the penalty structure to a 'maximum life imprisonment.'" Defendant asserts that the proper maximum penalty for a violation of 18 U.S.C. § 924(c) is the same as the minimum sentence provided in the statute.

Following a *de novo* review of the Report and Recommendation, the court finds Magistrate Judge Jarvey's recommendation to be correct. Defendant's request for a pre-conviction determination of his sentencing range is not ripe for review. *See United States v. Williams*, 128 F.3d 1239, 1242 (8th Cir. 1997) (noting that, because the defendant did not assert that he had suffered or was about to suffer a particular punishment, his claim that the Mandatory Victims Restitution Action violates the Eighth Amendment was premature and, therefore, not ripe for review) (citing *Cheffer v. Reno*, 55 F.3d 1517, 1523-24 (11th Cir. 1995)). Further, even if the issue was properly before the court, the court finds that Magistrate Judge Jarvey's reliance on *United States v. Davidson*, 437 F.3d 737, 741 (8th Cir. 2006) and determination that the maximum penalty for a violation of 18 U.S.C. § 924(c) is life imprisonment is correct. Accordingly, the court shall deny Defendant's Motion for Adjudication.

## V. CONCLUSION

**IT IS ORDERED:**

(1)     The court **DENIES** Defendant Dale Michael Lucas's Motion for Adjudication of Points of Law (docket no. 23);

(2)     The court **OVERRULES** Defendant's Objections (docket no. 44);

(3)     The court **ADOPTS** the portion of Magistrate Judge Jarvey's Report and Recommendation which recommends the denial of Defendant's Motion for Adjudication of Points of Law (docket no. 40); and

(4)     The period between the filing of Defendant's Motion for Adjudication of Points of Law and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 24th day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA